PILLSBURY WINTHROP SHAW PITTMAN LLP
SARAH G. FLANAGAN #70845
sarah.flanagan@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA  94111
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

DIANNE L. SWEENEY #187198
dianne@pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304-1115
Telephone: (650) 233-4500
Facsimile: (650) 233-4545

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUR CHILDREN'S EARTH, a non-profit corporation, and ECOLOGICAL RIGHTS FOUNDATION, a non-profit corporation<br><br>Plaintiffs,<br><br>vs.<br><br>LELAND STANFORD JUNIOR UNIVERSITY<br><br>Defendant. | Civil Case No.: CV 14-1201-VC<br><br>[~~PROPOSED~~] ORDER CONCERNING INITIAL DISCOVERY |

The Court held a Case Management Conference on June 27, 2014, and ordered the parties to meet and confer regarding proposed language for an order concerning discovery activity within the next six months.  The parties did so, and agreed on some but not all terms of the proposed order.  They submitted alternative proposed orders.  The Court now orders as follows:

The parties shall make their initial disclosures by July 24, 2014.   Beyond that, for the next six months the parties will not be allowed to propound discovery requests (unless by

stipulation), but they shall engage in the following discovery activities in a good faith effort to narrow the issues in the case and the need for formal discovery.

**A. Lagunita Diversion Dam**:  (1) Stanford has informed the Court and Plaintiffs that Stanford has committed to removing the dam.  In the course of this project, Stanford will consult with various agencies, likely including the National Marine Fisheries Service (NMFS), the U.S. Fish and Wildlife Service, the U.S. Army Corps of Engineers, the California Department of Fish and Wildlife (CDFW), and the California Regional Water Quality Control Board (collectively, "the Agencies").  Stanford shall provide Plaintiffs with copies of substantive documents that Stanford transmits to or receives from any of the Agencies addressing the regulatory approvals necessary for removal of the dam within one week of transmittal or receipt.

Stanford shall provide Plaintiffs with a written status report within 75 days that includes, at a minimum, the identity of the consultants/contractors engaged to remove the dam and the status of the discussions with the Agencies about the approach and timing for the removal.  In addition, Stanford shall provide an oral status report to Plaintiffs upon a reasonable request to do so.

(2) As to the allegation that work on the fish ladder at the Dam was done without an appropriate permit under the Clean Water Act, within 30 days Stanford shall provide Plaintiffs with the information it believes establishes that the modification of the fish ladder did not violate the Clean Water Act.  Within 15 days thereafter, Plaintiffs shall inform Stanford in writing as to whether they are satisfied on that point.  If the parties then disagree about whether Stanford has provided sufficient information to resolve this issue, they shall meet and confer in an attempt to identify and exchange additional information that might allow the parties to resolve the issue.

**B. Jasper Ridge Road Crossing**:  Stanford has informed the Court and the Plaintiffs that it has committed to conduct a study of the Road Crossing with agency involvement to address what Stanford represents are conflicting views that the Road Crossing is a barrier to

steelhead migration and should be removed or significantly modified. Thereafter, Stanford has informed the Court and the Plaintiffs that it has committed to work with the Agencies to implement the outcome of the study. Stanford shall provide Plaintiffs with copies of substantive documents that Stanford transmits to or receives from any of the Agencies addressing regulatory approvals necessary for continued maintenance or alteration of the Road Crossing within one week of transmittal or receipt.

Stanford shall provide Plaintiffs with a written status report within 75 days that includes, at a minimum, the identity of the consultants/contractors engaged to conduct the study of the Road Crossing and the status of the discussions with the relevant agencies about the approach and timing for the study and any resulting action. In addition, Stanford shall provide an oral status report to Plaintiffs upon a reasonable request to do so.

**C. Searsville Booster Pump**: Stanford states that the challenged perforated pipe for backwash water was reconfigured in late 2013, before this lawsuit was filed. Within 30 days, Stanford shall provide Plaintiffs with photographs and such construction diagrams of the Booster Pump sufficient to depict the Booster Pump's location in relationship to San Francisquito Creek and the distance between the Booster Pump and San Francisquito Creek. If the diagrams and photos are not themselves sufficient to do so, Stanford shall also provide such written description as necessary to explain why the current configuration of the Booster Pump does not discharge backwash water from the pump to San Francisquito Creek. Plaintiffs shall inform Stanford in writing within 15 days after receiving Stanford's materials whether they are satisfied on that point. If the parties then disagree about whether Stanford has provided sufficient information to resolve this issue, they shall meet and confer in an attempt to identify and exchange additional information that might allow the parties to resolve the issue.

**D. Flushing of the pipeline using the blowoff valve (gate valve) near the base of the dam to clear the pipeline for water diversions**: Stanford has informed the Court and the Plaintiffs that there had been no such flushing operations for a year prior to the filing of this

lawsuit because there have been no diversions and that Stanford has changed its procedure for flushing the pipeline for future diversions such that it will not flush into the creek.  Stanford shall provide Plaintiffs with a written description of the new procedure within 30 days and information sufficient to confirm that there have been no flushing operations from this blowoff valve for a year prior to the filing of this lawsuit, excluding DSOD tests.  Plaintiffs shall inform Stanford in writing within 15 days after receiving the description as to whether they are satisfied on these points.  If the parties then disagree about whether Stanford has provided sufficient information to resolve these issues, they shall meet and confer in an attempt to identify and exchange additional information that might allow the parties to resolve the issues.

**E. Pipeline support structures alleged to be unlawfully built or modified within the creek**:  Plaintiffs have clarified that the allegations about the pipeline support structures are intended to be background information and not part of any cause of action in the case.  They therefore do not require any discovery activity.

**F. Meet and Confer:**  With respect to all of the matters set forth above, the parties shall meet and confer in good faith to try to narrow the issues in the case and the need for formal discovery.  The parties shall report to the Court on which issues, if any, have been resolved through this process and which issues, if any, remain to be addressed in the updated case management statement to be filed by January 6, 2015.

Dated:  July 10, 2014.

_____
Hon. Vince Chhabria
United States District Judge